**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4257
_____

ELIZABETH A. MAHONEY,

                              Appellant

v.

THE LATE RICHARD MCDONNELL, ESQ.;
THE ESTATE OF RICHARD MCDONNELL, ESQ.;
BRUCE WHITAKER, ESQ.; CHERYL PICCOLI,
(Paralegal for McDonnell & Whitaker, L.L.P./L/L/C.);
MCDONNELL & WHITAKER L.L.P., (now organized
as a L.L.C.);  MCDONNELL & WHITAKER L.L.C.;
VARIOUS MCDONNELL & WHITAKER,
L.L.P/L.L.C. - JANE AND JOHN DOES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-06875)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2015

Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 24, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Elizabeth A. Mahoney appeals from an order of the District Court granting summary judgment to the defendants. For the reasons that follow, we will affirm.

Mahoney, a critical care nurse, received a law degree from Western New England Law School in 1987, and passed the New Jersey Bar and was admitted to practice in 1989. She and her husband divorced, and following a custody trial in 1999, her ex-husband was granted sole physical and legal custody of their two children. In 2006, Mahoney, with the assistance of counsel, sued her ex-husband for custody of both children in the Morris County Superior Court, Family Division. In an order issued on February 21, 2006, the state trial court gave her custody of the couple's daughter only and ordered her to pay child support. Mahoney sought reconsideration, and that resulted in additional obligations being imposed upon her in a May 15, 2006 order, including that she pay 67% of the children's private high school tuition.

Mahoney retained new counsel, the late Richard McDonnell of the law firm McDonnell & Whitaker, LLP, to pursue an appeal of the two 2006 child support orders. McDonnell filed a notice of appeal with the Appellate Division of the New Jersey Superior Court. Throughout the summer of 2006, McDonnell and Mahoney's ex-husband's attorney engaged in settlement negotiations involving the use of the children's college fund to pay for their private high school tuition. McDonnell recommended that Mahoney accept her ex-husband's settlement offer but she declined, apparently because he would not relinquish custody of their son. McDonnell wrote to Mahoney on October 10, 2006, advising her that he respected her decision not to settle and would request that the matter be returned to the Appellate Division scheduling track. Thereafter, the

Appellate Division clerk issued an order requiring that Mahoney's brief and appendix be filed by November 30, 2006.

Because Mahoney did not have the ability to pay 67% of the children's private school tuition, McDonnell filed an "Application for Emergent Relief" in the Appellate Division on October 31, 2006, in which he noted the nature of the emergency.[1] The application was summarily denied with a notation that McDonnell could seek nonemergency relief. Immediately thereafter, on November 2, McDonnell moved in the trial court for a stay of the child support orders pending appeal. This filing included a forty-page brief detailing the merits of why the stay was warranted. The trial court denied a stay pending appeal on December 1, 2006, concluding that Mahoney's appeal was unlikely to succeed on the merits. In the meantime, on November 30, 2006, the day the brief and appendix was due, McDonnell requested an extension of time in which to file these items on Mahoney's behalf until December 29, 2006.

On December 19, 2006, McDonnell sent Mahoney correspondence and enclosed a Withdrawal/Substitution of Attorney form to be executed by her for filing with the Appellate Division. McDonnell and Mahoney's relationship had deteriorated over the issues to be pursued on appeal.[2] On the same day, McDonnell advised the Appellate Division that he was withdrawing and that substitution of counsel was forthcoming. His correspondence also included another request that the date for filing the appellate brief

---

[1] McDonnell advised in the emergency application that Mahoney's payment responsibility was approximately $41,540.00 per year.
[2] McDonnell wrote to Mahoney on October 16, 2006, in response to a voice mail she left him, and asked her to stop diverting his attention to extraneous issues. He advised her that her appeal was necessarily limited to the February 21, 2006 and May 15, 2006 orders, and that the Appellate Division was not going to review the entire history of the matrimonial litigation.

3

and appendix be extended because Mahoney, a member of the New Jersey bar, would be appearing in the matter pro se.

Mahoney signed the Withdrawal/Substitution of Attorney form and returned it to McDonnell, and it was subsequently filed with the Appellate Division on January 3, 2007. Mahoney thereafter notified the Appellate Division that she would be representing herself pro se. She was granted an extension until March 30, 2007 to file her brief and appendix. When she failed to file her brief and appendix, the Appellate Division dismissed her appeal without prejudice on April 25, 2007. Mahoney did not seek reinstatement of her appeal.

On November 5, 2012, Mahoney, a resident of Massachusetts, filed a legal malpractice action in the United States District Court for the District of New Jersey against McDonnell's estate, McDonnell's law partner Bruce Whitaker, McDonnell & Whitaker employee Cheryl Piccoli, and McDonnell & Whitaker. Specifically, Mahoney alleged that McDonnell was negligent in filing the Application for Emergent Relief, in failing to move for summary disposition/reversal once emergency relief was denied, and in failing to file the appellate brief and appendix by the original due date. She also claimed that McDonnell breached the specific terms of their retainer agreement and that McDonnell unlawfully withdrew from her case. In addition to her professional liability claim, Mahoney asserted claims for breach of contract and breach of fiduciary duty, and a claim that she was fraudulently induced into signing the Withdrawal/Substitution of Attorney form, among other claims. Discovery ensued, after which the defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

4

Mahoney opposed the motion and moved separately for summary judgment on the issue of liability.

In an order entered on September 16, 2014, the District Court awarded summary judgment to the defendants, concluding that the summary judgment record did not show a genuine issue for trial. Mahoney's motion for partial summary judgment was denied. The Court analyzed the state rules of civil procedure, specifically New Jersey Ct. R. 2:8-1(a), cmt. 4, and R. 2:9-8, and determined that the Application for Emergent Relief was adequate, even though it did not contain a brief, because the rules do not require or even contemplate a brief. The Court further determined that Mahoney would have to offer expert testimony to prove that McDonnell was negligent when he did not move for summary disposition/reversal after losing the emergency application, because the average juror would have no knowledge of the intricacies of appellate summary action practice. The Court determined that McDonnell violated a duty of care by not *securing* an extension of time before the original due date of the brief (November 30), but that his actions were not the proximate cause of the dismissal of Mahoney's appeal because she was a licensed attorney and took over the prosecution of her appeal and was granted an extension of time to file her brief until March 30, 2007. It was Mahoney's failure to file a brief by March 30, 2007 that caused her appeal to be dismissed without prejudice on April 25, 2007. Moreover, she never sought reinstatement of her appeal.

The District Court rejected Mahoney's breach of contract claim because McDonnell fully complied with the retainer agreement by filing a stay application with the trial court. The Court rejected Mahoney's breach of fiduciary duty claim because she offered no expert testimony in support of it, and because, in any event, she failed to

5

allege that McDonnell or his firm breached a duty of loyalty to her, by, for example, engaging in self-dealing or misappropriating her funds. The Court also rejected as lacking in legal merit Mahoney's claims of constructive fraud and common law fraud. With respect to the latter claim, the Court held that Mahoney's assertion that McDonnell committed fraud by not "accelerating" her appeal was contradicted by the undisputed facts; namely, that McDonnell diligently prosecuted her appeal by first attempting to settle the matter, by then seeking emergency relief from the trial court's support orders, and last by filing a motion in the trial court to stay the orders pending appeal and submitting a 40-page brief in support of that motion. As a matter of law, the Court concluded, an attorney does not defraud a client when he, like McDonnell, diligently pursues a strategy reasonably designed to effectuate a client's interests. The Court further determined that there was no evidence whatever to support Mahoney's allegation that she was tricked into signing the Withdrawal/Substitution of Attorney form. There was no record evidence that Mahoney relied upon any misrepresentation or omission by McDonnell when she signed the Withdrawal/Substitution of Attorney form. The Court held that New Jersey Rule of Professional Conduct 7.1(a) involving attorney advertising did not require McDonnell to explain in writing why he wished to withdraw. Last, the Court held that defendants Piccoli and Whittaker also were entitled to summary judgment -- Piccoli because she was merely McDonnell's legal assistant and Whittaker because he could not be vicariously liable if McDonnell was not liable -- and that punitive damages were not in order.

Mahoney filed a timely motion for reconsideration and then a notice of appeal. After she filed her notice of appeal, the District Court, in an order entered on October 23, 2014, denied the motion for reconsideration.[3]

We have jurisdiction under 28 U.S.C. § 1291. In her brief, Mahoney argues that the District Court ignored her evidence, improperly relied on hearsay evidence, and made improper favorable inferences in favor of the defendants in awarding summary judgment. She further contends that the Court failed to apply the proper standard of care to her claim of attorney negligence, given that McDonnell was an appellate specialist; failed to consider that McDonnell did not attempt to mitigate the harm to her; and incorrectly decided her breach of fiduciary duty and breach of contract claims.

We will affirm. We review a District Court's grant of summary judgment *de novo*. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The moving party has the initial burden of identifying evidence that he believes shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, we are required to view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in her favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). But, if the moving party has carried his burden, the nonmovant must then come forward with evidence showing

---

[3] Mahoney did not file a new or amended notice of appeal within the time required once her motion for reconsideration was denied. The order denying the motion for reconsideration is the final order, but because Mahoney did not file a new or amended notice of appeal from it, we lack jurisdiction to review it to the extent that it decides new issues not decided by the District Court's September 16 Order. Fed. R. App. Pro. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

that there is a triable issue.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A triable, or genuine, issue of material fact is one that could change the outcome of the litigation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S. at 587.

The District Court's determination that summary judgment was proper on Mahoney's breach of contract and breach of fiduciary duty claims, her fraud counts, her claims against Piccoli and Whitaker, and her claim for punitive damages, was plainly correct under Rule 56(a) and does not warrant discussion.  We will discuss only the legal malpractice claim.

Under New Jersey law, a plaintiff must establish a *prima facie* case of legal malpractice in order to survive a motion for summary judgment.  See Jerista v. Murray, 883 A.2d 350, 359 (N.J. 2005).  To prove legal malpractice, a plaintiff must advance sufficient evidence showing (1) the existence of an attorney-client relationship imposing a duty of care on the attorney; (2) a breach of the attorney's duty; (3) proximate causation; and (4) resulting damages.  See McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001).  With respect to causation, the negligent conduct must be a "substantial factor" in bringing about the injuries; a tortfeasor is liable if his conduct was a substantial factor in bringing about the injuries, "even where there are other intervening causes which were foreseeable or were normal incidents of the risk created."  Komlodi v. Picciano, 89 A.3d 1234, 1254 (N.J. 2014) (internal quotation marks removed).

8

As a threshold matter, we are unpersuaded that the District Court applied the wrong legal standard to Mahoney's legal malpractice claim, or that the Court misapplied Rule 56(a) in determining (1) that McDonnell's Application for Emergent Relief was not inadequate because the state rules of civil procedure do not require a brief; (2) that Mahoney would have to offer expert testimony to prove that McDonnell was negligent when he did not move for summary disposition/reversal after losing the emergency application, see Stoeckel v. Township of Knowlton, 902 A.2d 930, 938 (N.J. Super. Ct., App. Div. 2006) (plaintiff asserting legal malpractice is obligated to produce expert testimony to prove that her attorney breached his duty to her where the duties the lawyer owes are not known by the average juror); and (3) that, although McDonnell violated a duty of care by not securing an extension of time to file Mahoney's brief and appendix before the expiration of the original due date (November 30), his actions were not the proximate cause of the dismissal of Mahoney's appeal because she voluntarily consented to his withdrawal. In reaching this conclusion, we have thoroughly considered the summary judgment record, including the Application for Emergent Relief and the reports of Mahoney's experts, Ned E. Schablik and Sheldon M. Simon, neither of whom even addressed the issues of the Emergent Application or the need for a motion for summary disposition in their reports, let alone expressed the view that McDonnell was negligent in these respects. We emphasize that the summary judgment record fully supports the District Court's conclusion that no reasonable jury could find that McDonnell's negligence in failing to secure an extension of time in which to file the brief and appendix

before the expiration of the original due date was the proximate cause of the dismissal of Mahoney's appeal.[4]

Mahoney complains that the District Court ignored her filings, her Statement of Material Facts, and her experts reports, but we see no indication of that, nor do we see any indication that the District Court failed to view the facts in the light most favorable to her, and make all reasonable inferences in her favor. The District Court, for example, agreed with Mahoney that McDonnell was negligent in failing to secure an extension of time in which to file the brief and appendix before the original deadline expired, although the Court ultimately rejected Mahoney's proximate causation argument. We also see no indication that the District Court relied on *inadmissible* hearsay evidence in awarding summary judgment to the defendants. Cf. Shelton v. Univ. of Medicine & Dentistry of N.J., 223 F.3d 220, 223 at n.2 (3d Cir. 2000) ("In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.").

The District Court also properly rejected, pursuant to Rule 56(a), Mahoney's argument that McDonnell abandoned her in violation of the New Jersey Rules of Professional Conduct, and that this abandonment was the proximate cause of the dismissal of her appeal. A violation of the New Jersey Rules of Professional Conduct does not create a cause of action for legal malpractice, but the existence of a duty owed by an attorney may be supported by reference to an attorney's obligations under the rules,

---

[4] Schablik expressed the view that McDonnell's failure to secure an extension before November 30 deviated from accepted standards of care. Simon, Mahoney's matrimonial expert, expressed the view that, had a timely brief been filed, the state trial court's two 2006 child support orders would have been vacated and the matter remanded to the trial court for further proceedings. Simon did not, however, express a view on the proximate causation issue, and Schablik focused on the issue of attorney abandonment under the New Jersey Rules of Professional Responsibility.

and a plaintiff may present evidence that an attorney has violated the rules.  See Baxt v. Liloia, 714 A.2d 271, 275-76 (N.J. 1998).  Schablik, Mahoney's expert, wrote that McDonnell violated Rule 1.16 by not advising Mahoney that she had the right to refuse to sign the Withdrawal/Substitution of Attorney form, that is, that she did not have to consent to his withdrawal as her attorney.  Her consent was not "informed," he stated, and McDonnell could not reasonably have expected a law school graduate like Mahoney with no experience in handling appeals to complete the appellate process.  Accordingly, according to Schablik, McDonnell's conduct was negligent and the proximate cause of the loss of Mahoney's appeal.  McDonnell's expert, Cary B. Cheifetz, in rebuttal, expressed the view that McDonnell did not deviate from the standard of care as a result of withdrawing, that McDonnell did not violate any Appellate Division rules in withdrawing from representation with Mahoney's consent, and that McDonnell protected Mahoney's rights by corresponding with the Appellate Division in December, 2006, and again requesting that the due date of her brief be extended.

The District Court, after reviewing the summary judgment record, determined that Mahoney consented to McDonnell's withdrawal from her case, and thereby agreed to a change of counsel.  We agree.  Rule of Professional Conduct 1.16(b)(1) provides, among other things, that a lawyer may withdraw from representing a client in a civil action if "withdrawal can be accomplished without material adverse effect on the interests of the client."  N.J. R. Prof'l Conduct 1.16.1(b)(1).  Mahoney points to nothing in the rule or the case law that requires an appellate lawyer who seeks to withdraw to inform his client that she has the right not to consent to withdrawal.  McDonnell was not required to file a motion to withdraw, or explain his grounds for withdrawing, where Mahoney expressly

11

consented to withdrawal by executing the Withdrawal/Substitution of Attorney form. <u>See</u> <u>generally</u> N.J. Ct. R. 1:11-2 (attorney may withdraw without leave of court upon client's consent provided a substitution of attorney is filed naming the substituted attorney or indicating that the client will appear pro se).[5] The summary judgment record leaves no doubt that Mahoney understood the purpose and effect of the straightforward Withdrawal/Substitution of Attorney form that she signed. There was no abandonment on these undisputed facts.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to the defendants.

---

[5] Rule 5:3-5(d) governing the withdrawal of representation in civil family actions does not apply to matters before the Appellate Division or withdrawals made with consent. N.J. Ct. R. 5:3-5(d) (2) ("Within ninety (90) days of a scheduled trial date, an attorney may withdraw from a matter only by leave of court, on motion with notice to all parties.").